ARTHUR TAYLOR V. THE STATE.

No. 21873. Delivered February 4, 1942.
On Motion to Reinstate Appeal February 25, 1942.

The opinion states the case.

*W. L. Wray,* of Hillsboro, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The transcript in this case does not contain a caption showing when the term of court began and when it ended, if there was one, and, consequently, no jurisdiction is shown in this court.

The appeal is dismissed.

#### ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

This cause was dismissed because of a failure to have shown in the transcript caption the opening and closing of the term of the court at which this cause was tried.

This defect has now been remedied, and the appeal is reinstated and we will proceed to consider this cause.

There are neither statement of facts nor bills of exceptions in the record.

There does appear in the record the order of the Commissioners' Court of Hill County of date February 12, 1903, putting into effect prohibition of the sale of intoxicating liquors in said county, but such order is not otherwise preceded by nor followed by any statement of any kind, neither as an introduced fact nor a fact complained of in a bill of exceptions. There is no objection shown to its introduction, nor even any showing as to whether same was introduced. We are not informed nor do we see why such order, standing alone, should be found in the record.

The order thus found in the transcript is the identical order that we have recently passed upon in the recent case of Arthur Taylor v. State, from Hill County, our No. 21924, opinion delivered February 11, 1942, (Page 354 of this volume) and in which last named case such order was held to be a valid order, and that same put into effect the law prohibiting the sale of intoxicating liquors in Hill County, Texas, in February, 1903.

By virtue of the authority of the above case of Taylor v. State, this judgment is affirmed.